IRA D. FULMER ET UX., PLAINTIFFS-RESPONDENTS, v. WILLIAM J. TEMPLE, DEFENDANT-APPELLANT.

Argued November 8, 1923—Decided March 4, 1924.

**Negligence—Motor Vehicle—Injury to Pedestrian—When Both Driver and Pedestrian Stopped and Signaled the Other to Go Ahead and There is Evidence that Driver Was the Last to Signal, Jury Must Determine the Question of Negligence as well as of Contributory Negligence.**

On appeal.

Before GUMMERE, CHIEF JUSTICE, and Justices MINTURN and BLACK.

For the appellant, *William E. Holmwood.*

For the respondents, *Martin P. Devlin.*

PER CURIAM.

This was an action for personal injuries. The trial resulted in a verdict for $1,000 in favor of the husband and a verdict of $1,350 in favor of the wife. The plaintiff Ada Fulmer, on August 9th, 1921, was walking on West Hanover street, in the city of Trenton. When she reached the corner of that street and Willow street the defendant's automobile was traveling south on the latter street. Mrs. Fulmer, who was in company with a friend, started to cross Willow street in front of 'the automobile. She stopped and the car stopped. The driver of the car, Mrs. Temple, motioned her to go ahead. She, in turn, motioned the car to come on, and, after signaling backward and forward, they apparently both started about the same time, and Mrs. Fulmer was run down.

The first contention is that on these facts there should have been a nonsuit or the direction of a verdict, because there was no proof that the accident was the result of carelessness on the part of Mrs. Temple, the driver of the car, and also because the plaintiff was guilty of contributory negligence. Apparently, both women became confused by reason of the interchange of signals. But there was evidence that the last signal was given by Mrs. Temple—that is, that she was the last one to signal the other woman to go ahead—and that fact makes it a question for the jury to say whether, having given that signal, and the plaintiff having acted upon it, the former was not negligent in starting the car. And this is equally true with relation to the alleged contributory negligence of Mrs. Fulmer. Both of the questions were for the jury to deal with as questions of fact.

The only other question is whether the husband was liable for an injury resulting while his wife was driving the car, which he owned, but he himself not being present. The proofs showed that his wife, Mrs. Temple (and apparently himself) lived with his mother-in-law, Mrs. Page, at her home, and that the car was kept there. There were in the car at the time of the accident not only Mrs. Temple, but her mother and her sister, and they were out pleasure riding at the time of the accident according to Mrs. Temple's testi-

mony. The facts bring the case within the scope of the doctrine of *Missell* v. *Hayes*, 86 *N. J. L.* 348, and that the husband having purchased the car for the pleasure of the family, and having authorized his wife to take it out whenever she wanted to for a pleasure ride, that makes him responsible under the doctrine of the case referred to.

The judgment of the Mercer County Court of Common Pleas is affirmed, with costs.